Classified Employee — Office — Candidate Whether or not an office is a "paid public office" within the prohibition of 74 O.S. 818 [74-818] (1961) depends upon whether the pay is for services rendered or reimbursement for expenses incurred by employee. Whether income is taxable or is waived is immaterial. The prohibition against a person in the classified service being "a candidate for nomination or election to any paid public office" would also apply to such an employee being appointed to fill out the unexpired term of a paid public officer where such employee actually assumes the paid public office. The Attorney General has had under consideration your letter of August 19. 1969, wherein you state: "On February 15, 1962, the then Attorney General issued an opinion relating to the right of classified employees to be elected to school boards if non-paid. Since that time, in checking into some various aspects of payments to school board members for travel, per diem, extra duties. etc. the question presents itself as to what constitutes pay." In connection with these facts you in effect ask a question composed of three parts. as follows: 1. a) Is it only that pay which constitutes taxable income or any payment for services? b) Can a person elected to a non-paid public office waive payments for expenses or per diem while on business for the non-paid public office? c) When is such pay considered to be within the prohibition of "paid public office"? You ask also the following question: 2. ". . . Would the prohibition against being `a candidate for nomination or election to any paid public office' hold for a classified employee being employed or appointed to fill out an unexpired term of a paid public office (e.g. City Treasurer)." Paragraph seven (7), 74 O.S. 818 [74-818] (1961) provides: "No employee in the classified service shall be a member of any national, state or local committee of a political party, or an officer or member of a committee of a partisan political club, or a candidate for nomination or election to any paid public office, or shall take part in the management or affairs of any political party or in any political campaign, except to exercise his right as a citizen privately to express his opinion and to cast his vote." We do not fully understand your first question especially the words "extra duties". We are unable to find any statute which allows payments to members of Boards of Education of school districts for "extra duties". We find only one act which allows payments for "per diem" and that is 70 O.S. 4-23 [70-4-23] (1968) which provides for per diem in the amount of $25.00 for each meeting of the board attended by the members not to exceed four (4) meetings in any calendar month in school districts where the average daily attendance in the proceeding school year exceeds 40,000. Therefore in answer to sub-paragraph (a) of your first question it is the opinion of the Attorney General that whether or not income or pay is determined by the taxing authorities to be taxable is immaterial. Sub-paragraphs (b) and (c) of your first question are answered as follows; It is immaterial whether a person elected to a public office can waive payments for expenses or per diem if such payments to the officer are payments for services rendered the office is a "paid public office" whether or not the officer takes the pay or waives it. Pay should be considered to be within the prohibition of Section 818, supra., when the pay is for services rendered by such officer and not mere reimbursement for expenses incurred by him in the performance of his official duties and such determination must be made on the facts in each case. It is the further opinion of the Attorney General that your second question be answered in the affirmative; the prohibition against a person in the classified service being "a candidate for nomination or election to any paid public office" would also prohibit a classified employee from being appointed to fill out an unexpired term of a paid public officer where such employee actually assumes such office. We affirm the conclusion reached by this office in the opinion to Perm L. Gang, Division Accountant. Department of Highways, dated February 15, 1962. (W. J. Monroe) (Ed. Note: Candidate, State Employee)